IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GERALD WILLIAMS, <br>     Plaintiff, <br>   v. <br> ROANOKE COMPANIES GROUP, INC., et al., <br>     Defendants. | MDL DOCKET NO. 1804 <br><br> CIVIL ACTION FILE <br> NO. 1:07-CV-219-TWT |

ORDER

This is a products liability action. It is before the Court on the Plaintiff's Motion to Remand [Doc. 9]. For the reasons stated below, the Plaintiff's motion is DENIED.

I. BACKGROUND

This lawsuit arises out of Plaintiff Gerald Williams's alleged injuries from his use of Stand 'n Seal Spray-On Grout Sealer. He filed this action in Florida state court against Home Depot (the retailer that sold the product), Eric Pate (a manager at Home Depot store #271), and against the various manufacturers of the product (Roanoke Companies Group, Inc., Aerofil Technology, Inc., and Innovative Chemical Technologies, Inc.). Williams asserts various products liability claims including strict

liability, breach of warranty, and negligence. The Plaintiff and Eric Pate are Florida residents. After a settlement demand in excess of $75,000, the Defendants removed the case to the United States District Court of the Southern District of Florida. In January of 2007 the Judicial Panel on Multidistrict Litigation granted the Defendants' motion for pretrial coordination and consolidation of the Stand 'n Seal federal lawsuits. The MDL Panel then transferred this case, along with other similar suits, to this Court.

This case is before the Court on the Plaintiff's Motion to Remand the case back to Florida state court. The Plaintiff argues that the presence of Eric Pate in the lawsuit means that removal was improper. The Defendants contend that the Plaintiff's negligence claim against Eric Pate, a Florida resident, is without merit, and was brought simply to thwart this Court's diversity jurisdiction. In other words, they argue that the Plaintiff was fraudulently joined.

## II.   APPLICABLE LEGAL STANDARD

A defendant may remove an action from state court to federal court so long as the federal court would have originally had federal question or diversity jurisdiction. See 28 U.S.C. 1441(a). If the basis for federal jurisdiction is diversity of citizenship, there are three reasons a federal court must send the case back to state court: (1) there is not complete diversity between the parties, Strawbridge v. Curtiss, 3 Cranch 267

(1806); (2) the amount in controversy does not exceed $75,000, see 28 U.S.C.§ 1332(a)(1); or (3) one of the defendants is a citizen of the state in which the suit was filed. 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1447(b) (authorizing remand in such circumstances).

Determining whether a case has been properly removed requires more than checking to make sure that the plaintiffs and defendants are from different states. Because motions to remand are not mere vehicles for plaintiffs to defeat diversity jurisdiction in favor of state courts, federal courts may inquire into whether a party has been "fraudulently joined" for the purpose of avoiding federal jurisdiction. See Legg v. Wyeth, 428 F.3d 1317, 1322-23 (11th Cir. 2005). If the Court finds that a party was fraudulently joined, it must ignore the presence of the non-diverse defendant and deny the motion to remand. Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). A defendant may discharge its burden of proving fraudulent joinder by demonstrating either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citing Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989)). "The defendant must make such a showing by clear and convincing evidence." Henderson, 454 F.3d at 1282 (citing

Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962).  The defendant's burden is a heavy one.  Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1381 (11th Cir. 1998).   The Eleventh Circuit has held  that removal statues are to be interpreted narrowly with any doubts construed against removal jurisdiction.  See Williams v. AFC Enter., Inc., 389 F.3d 1185, 1189 (11th Cir. 2004); Burns v. Windsor Ins., 31 F.3d 1092, 1095 (11th Cir. 1994) (noting that "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").  "Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court."  Pacheco, 139 F.3d at 1381.   "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff."  Crowe, 113 F.3d at 1538.

At the same time, the court need not accept all of the plaintiff's claims as true in the face of unanswered affidavits squarely contradicting the plaintiff's factual assertions.  A federal court may look beyond the pleadings and address the matter as it would a motion for summary judgment under Federal Rule of Civil Procedure 56(b).  Legg, 428 F.3d at 1322-23 (noting that where the plaintiff does not respond to a factual assertion there is no issue of fact for the court to resolve). Factual controversies

are only resolved in favor of the plaintiff when there are facts in dispute.  Id.  The Court does not assume that the plaintiff could or would prove the necessary facts in the absence of any proof.  Id. (citing Badon v. RJR Nabisco Inc., 224 F.3d 382, 393-394 (5th Cir. 2000)).

### III.  DISCUSSION

Based on the Plaintiff's allegations, there is "no possibility" that the Plaintiff can recover from Eric Pate upon a theory of negligence.  While the parties go back and forth over the question of whether this Court must examine the Complaint as it existed at the time of removal, or whether it may examine the Amended Complaint, there is no need to resolve the issue.  Eric Pate's undisputed declaration demonstrates, by "clear and convincing evidence," that there is no possibility of recovery against him.  Therefore, the motion to remand should be denied.

The Plaintiff's original Complaint merely alleges that all of the Defendants were negligent, but fails to spell out the means by which Eric Pate was negligent. In its First Amended Complaint, the Plaintiff alleges that: (1) Pate was personally responsible for removing the recalled cans of Stand 'n Seal, but failed to do so before selling the product to the Plaintiff, (Pl.'s First Amended Compl., ¶ 15); (2) he failed to remove the cans and to make sure that no customers purchased them (Pl.'s First Amended Compl., ¶ 58); and (3) he had personal knowledge of the dangers and risks

associated with use of the product, but decided to sell the goods anyway (Pl.'s First Amended Compl., ¶ 59.)  All three factual bases for the negligence claim are rebutted by the declaration.  When Williams purchased the product from Home Depot, Pate had no authority to effectuate a removal of Stand 'n Seal, and was not involved in the removal of the product (Decl. of Eric Pate, ¶ 3.)  He had no personal knowledge of a need to remove the product, never received a directive to remove the products from any of the other Defendants, and he had no knowledge that the product was alleged to be harmful in any manner (Decl. of Eric Pate, ¶¶ 5-9.)  He never assisted, advised, sold, or made any representations whatsoever to any Home Depot customer about Stand 'n Seal.  (Decl. of Eric Pate, ¶ 4.)  The Plaintiff has not challenged any of these facts.

The parties do not disagree as to the applicable Florida law.  They cite virtually the same cases.  See e.g., McElveen v. Peeler, 544 So.2d 270, 271 (Fla. 1st DCA 1989) (finding personal participation to be a prerequisite for imposing liability upon individual corporate officers); Orlovsky v. Solid Surf, Inc., 405 So.2d 1363, 1364 (Fla. 4th DCA 1981).  The key issue under Florida law appears to be whether the defendant "personally participated" in the tort by breaching a "personal duty towards the injured third person." McElveen, 544 So.2d at 272.  "[P]ersonal liability cannot be imposed upon the officer simply because of his general administrative

responsibility for performance of some function of his employment. . . ." Id. See also Kimmons v. IMC Fertilizer, Inc., 844 F. Supp. 738, 739-40 (M.D. Fla. 1994). There is, however, Florida case law which clarifies this duty and does hold that "agents of corporations may be individually liable if they commit or participate in a tort, even if their acts are within the course and scope of their employment." White v. Wal-Mart Stores, 918 So.2d 357, 358 (Fla. 1st DCA 2005). Yet, even cases like White merely stand for the proposition that more than vicarious fault is needed to state a claim for relief. That is, the plaintiff must allege a specific responsibility that the defendant negligently performed or failed to do. In this instance, the Pate declaration rebuts the only possible duties that Pate could have owed to the Plaintiff by clarifying the scope of his job description and his knowledge at the time.

The Defendants have demonstrated that there is "no possibility" that the Plaintiff can establish a cause of action against Pate. Even if one were to believe that it is "theoretically possible" that the Plaintiff could recover, it is not a basis for finding that Pate was not fraudulently joined. Anything is possible. But an unsubstantiated assertion of "possibility" is not enough to defeat an appropriate assertion of diversity jurisdiction. As the Eleventh Circuit clarified in Crowe, the real question is whether "there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved." Crowe, 113 F.3d at 1540 (quoting Bobby Jones

Garden Apartments v. Suleski, 391 F.2d 172, 176-77 (5th Cir. 1968)).  Here, there is not a reasonable basis for predicting that state law would impose liability upon a co-manager for his failure to predict that a product like Stand 'n Seal would cause injury. Though the Defendant "bears a heavy burden to establish fraudulent joinder, it need not negate any possible theory that [the Plaintiff] might allege in the future . . ." Poulos v. Naas Foods Inc., 959 F.2d 69, 74 (7th Cir. 1992).  Thus, under either the Original Complaint or the First Amended Complaint, the Motion to Remand should be denied.

### III. CONCLUSION

For the reasons stated above, the Motion to Remand [Doc. 9] is DENIED.

SO ORDERED, this 14 day of May, 2007.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge